U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    MAR 13 2019    k

WILLIAM W. BLEVINS
CLERK

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*Jon Maestri*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3187*

March 13, 2019

Honorable Ivan L. R. Lemelle
United States District Court Judge
500 Poydras Street
New Orleans, Louisiana 70130

Re:    *United States v. Thai Thai, LLC., d/b/a Sticky Rice Thai Cuisine.*
       Criminal Docket No. 19-CR-09

Dear Judge Lemelle:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Thai Thai, LLC., d/b/a Sticky Rice Thai Cuisine (hereinafter the "Company" or "defendant"), in the above-captioned proceeding. Defendant's undersigned counsel, Eddie J. Jordan, Jr. and J.C. Lawrence, have reviewed the terms of this agreement and have been advised by the Company that the Company fully understands the terms of this agreement. The Company, by corporate resolution attached hereto, has authorized its representative to enter into this plea agreement on the Company's behalf.

The Government has agreed that should the Court accept the defendant's plea of guilty to Count One, the government agrees that it will not bring any other charges in the Eastern District of Louisiana relating to the defendant's harboring of illegal aliens as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to the guilty plea in this case. The Company agrees to waive its right to be indicted by grand jury. The Company and Government agree and stipulate that the Eastern District of Louisiana is an appropriate venue for entry of a plea by the Company to the Bill of Information.

The Company understands that the punishment range for this offense is a sentence of probation of not less than one year nor more than five years pursuant to Title 18, United States Code, Section 3561. The Company further understands that the maximum fine is $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

AUSA
Defendant
Defense Counsel

Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. The special assessment must be paid on the date of sentencing. Failure to pay the special assessment may result in the plea agreement being void.

To the extent any restitution is ordered under Title 18, United States Code, Section 3663 the Company agrees that it will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The parties do not believe that restitution is applicable in this matter.

The Company, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, assuming it is accepted by the Court, knowingly and voluntarily:

a. waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to defendant's sentence and judgment;

c. waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; but

d. defendant specifically does not waive, and retains the right to bring, a direct appeal of any sentence imposed in excess of the statutory maximum. Defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

2

AUSA
Defendant
Defense Counsel

Further, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws the decision to plead guilty [nolo contendere], the guilty plea [nolo contendere plea] is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty [nolo contendere], including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States $24,640.00 under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack. Further, the forfeited amount of $24,640.00 shall be in the form of a cashier's check or certified check, made payable to "U.S. Customs & Border Protection," and sent or delivered to: Sheldon Jones, Homeland Security Investigations, 1250 Poydras Street, Suite 2200, New Orleans, Louisiana 70113.

This Plea Agreement shall bind defendant and any subsidiaries.

3

AUSA
Defendant
Defense Counsel

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____    (Date)
JON MAESTRI
Assistant United States Attorney

_____    (Date)
EDDIE J. JORDAN, JR.
J.C. LAWRENCE
Attorneys for the Defendant

_____    02.18.19    (Date)
SOMPHON CHIWABANDIT
Duly Authorized Corporate Representative
for Thai Thai, LLC. d/b/a
Sticky Rice Thai Cuisine
Defendant

4